UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION   CR422-0016

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INDICTMENT NO. |
| | ) |
| | ) 18 U.S.C. § 1349 |
| | ) Conspiracy to Commit Wire |
| v. | ) Fraud |
| | ) |
| | ) 18 U.S.C. § 1014 |
| | ) False Statement on a Loan |
| SHAQUANDRA WOODS, | ) Application |
| COURTNEY GILCHRIST, and | ) |
| KENNETH JACKSON | ) 18 U.S.C. § 1001(a)(3) |
| | ) False Document |
| | ) |
| | ) 18 U.S.C. § 1001(a)(2) |
| | ) False Statement |

**THE GRAND JURY CHARGES THAT:**

At times relevant to this Indictment:

<u>Background</u>

1.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was

a federal law enacted in or about March 2020 that was designed to provide emergency

financial assistance to the millions who were suffering the economic effects caused by

the COVID-19 pandemic.

2.     Among other relief efforts, the United States sought to provide financial

support to eligible businesses that could be used to offset certain business expenses.

3.     Defendants **SHAQUANDRA WOODS**, **COURTNEY GILCHRIST**,

and **KENNETH JACKSON** fraudulently sought and collectively received hundreds

of thousands of dollars in relief payments by making false and fraudulent representations to the Small Business Administration ("SBA").

<u>The Defendants</u>

4.     **SHAQUANDRA WOODS** was an individual residing in Jacksonville, Florida. **WOODS** was an attorney licensed to practice law in the States of Georgia and Florida. **WOODS** conspired with **COURTNEY GILCHRIST** and **KENNETH JACKSON** to submit fraudulent loan applications to the SBA.

5.     **COURTNEY GILCHRIST** was an individual residing in Savannah, Georgia, in the Savannah Division of the Southern District of Georgia. **GILCHRIST** was an attorney licensed to practice law in the State of Georgia. **GILCHRIST** conspired with **SHAQUANDRA WOODS** to submit a fraudulent loan application to the SBA.

6.     **KENNETH JACKSON** was an individual residing in Savannah, Georgia, in the Savannah Division of the Southern District of Georgia. **JACKSON** conspired with **SHAQUANDRA WOODS** to submit a fraudulent loan application to the SBA.

<u>Defendants' Purported Businesses</u>

7.     "EZ Legal Solutions, LLC" was a limited liability company that was registered with the State of Florida on or around June 16, 2020. **SHAQUANDRA WOODS** was the registered agent of "EZ Legal Solutions, LLC."

8.     Company 1 was a limited liability company that was registered with the State of Florida on or around May 19, 2020. Co-Conspirator 1 was the registered agent of Company 1.

9.     Company 2 was a Savannah, Georgia-based unincorporated business services company purportedly established on May 13, 2016. Company 2 was purportedly owned by **COURTNEY GILCHRIST**.

10.    Company 3 was a Savannah, Georgia-based unincorporated personal services company purportedly established on May 23, 2001. Company 3 was purportedly owned by **KENNETH JACKSON**.

<u>The Coronavirus Aid, Relief, and Economic Security Act</u>

11.    The SBA was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The SBA was headquartered in Washington, DC and maintained its computer servers outside of the State of Georgia. The SBA's mission was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

12.    As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition, the SBA provided loans that came directly from the U.S. Government.

13.    One source of relief provided by the CARES Act was the authorization for the SBA to provide Economic Injury Disaster Loans ("EIDL") to eligible small

businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

14.     In order to obtain an EIDL, a qualifying business had to submit an online application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the twelve-month period preceding the disaster, and the cost of goods the business sold in the twelve-month period preceding the disaster. In the case of EIDLs, the twelve-month period was that preceding January 31, 2020. The applicant also had to certify that all the information in its application was true and correct to the best of the applicant's knowledge.

15.     EIDL applications were submitted directly to the SBA online at https://covid19relief.sba.gov/#/ and processed by the agency with support from a government contractor, Rapid Finance. The amount of each loan was determined based, in part, on the information provided by the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL were issued directly by the SBA.

16.     EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

## COUNT ONE
*Conspiracy to Commit Wire Fraud*
18 U.S.C. § 1349

17.    The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

18.    Beginning in or around May of 2020, and continuing through in or around May of 2021, in Chatham County, within the Southern District of Georgia, and elsewhere, the defendants,

**SHAQUANDRA WOODS,**
**COURTNEY GILCHRIST,**
**and**
**KENNETH JACKSON**

did conspire and agree with each other, and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

19.    It was the object of the conspiracy for **WOODS**, **GILCHRIST**, and **JACKSON**, and others, to unlawfully enrich themselves by obtaining EIDL proceeds

under false and fraudulent pretenses and representations, including by making false statements about their purported businesses' dates of establishment and gross revenues for the twelve-month period prior to the date of the disaster.

<u>Manner and Means</u>

20.    The manner and means by which **WOODS**, **GILCHRIST**, and **JACKSON**, and others, sought to accomplish the object of the conspiracy included, among others, the following:

a.   On or about June 17, 2020, **WOODS** submitted, or caused to be submitted, an electronic application for an EIDL from the SBA on behalf of EZ Legal Solutions, LLC ("EIDL Application -6118"). In connection with EIDL Application -6118, **WOODS** falsely affirmed that EZ Legal Solutions, LLC was established February 1, 2019 and had $300,000 in gross revenue in the twelve months prior to January 31, 2020.

b.   On or about June 23, 2020, **WOODS** submitted, or caused to be submitted, an electronic application for an EIDL from the SBA on behalf of Company 1 ("EIDL Application -7005"). In connection with EIDL Application -7005, **WOODS** falsely affirmed that Company 1 was established January 1, 2001 and had $325,000 in gross revenue in the twelve months prior to January 31, 2020.

c.   On or about July 3, 2020, in connection with EIDL Application -7005, **WOODS** uploaded to the SBA a fake Form 1099-MISC tax document

that showed that Co-Conspirator 1 had 2019 nonemployee compensation of $325,000.

d.  On or about July 12, 2020, **WOODS** and **JACKSON** submitted, or caused to be submitted, an electronic application for an EIDL from the SBA on behalf of Company 3 ("EIDL Application -0870"). In connection with EIDL Application -0870, **WOODS** and **JACKSON** falsely affirmed that the Company 3 had $220,000 in gross revenue in the twelve months prior to January 31, 2020.

e.  On or about July 14, 2020, **WOODS** and **GILCHRIST** submitted, or caused to be submitted, an electronic application for an EIDL from the SBA on behalf of Company 2 ("EIDL Application -1901"). In connection with EIDL Application -1901, **WOODS** and **GILCHRIST** falsely affirmed that Company 2 had $330,000 in gross revenue in the twelve months prior to January 31, 2020.

f.  On or about July 21, 2020, in connection with EIDL Application -6118, **WOODS** uploaded to the SBA a fake operating agreement that falsely claimed that EZ Legal Solutions, LLC was formed in 2019 and filed its Articles of Organization with the State of Florida on February 1, 2019.

g.  On or about July 21, 2020, in connection with EIDL Application-6118, **WOODS** signed a loan agreement to receive $149,900 from the SBA on behalf of EZ Legal Solutions, LLC, in which **WOODS** falsely

certified that all representations in EZ Legal Solutions, LLC's loan application, and all supplementary submissions to the SBA, were true, correct, and complete.

h. On or about July 30, 2020, in connection with EIDL Application - 0880, **WOODS** paid Co-Conspirator 2 to create a fake Form 1099-MISC tax document that showed that **JACKSON** had 2019 nonemployee compensation of $220,000. **WOODS**, knowing the document to be fake, then uploaded the fake tax document to the SBA.

i. On or about August 18, 2020, in connection with EIDL Application - 1901, **GILCHRIST** and **WOODS** uploaded to the SBA a fake Form 1040 Schedule C tax document that showed that **GILCHRIST** had 2019 gross receipts of $330,000 to match **GILCHRIST's** EIDL application that had falsely claimed **GILCHRIST** had a business with $330,000 in gross revenue in the twelve months prior to January 31, 2020.

j. On or about August 27, 2020, in connection with EIDL Application - 1901, **GILCHRIST** signed a loan agreement to receive $150,000 from the SBA on behalf of Company 2, in which **GILCHRIST** falsely certified that all representations in Company 2's loan application, and all supplementary submissions to the SBA, were true, correct, and complete.

k. On or about September 4, 2020, after receiving $150,000 from the SBA on behalf of Company 2, **GILCHRIST** wrote a check for $10,000 to **WOODS** as compensation for **WOODS** helping **GILCHRIST** obtain Company 2's EIDL.

All done in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
*False Statement on Loan Application*
18 U.S.C. § 1014 and 2

21.     The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

22.     On or about July 12, 2020, in the Southern District of Georgia, and elsewhere, the Defendant

### SHAQUANDRA WOODS

aided and abetted by others, did knowingly make a false statement for the purpose of influencing the action of the SBA, in connection with an EIDL application and loan in that **WOODS** applied to the SBA for an EIDL on behalf of Company 3 in which **WOODS** falsely stated that Company 3 had $220,000 in gross revenue in the twelve months prior to January 31, 2020, when in fact, as **WOODS** then and there well knew, Company 3 did not have $220,000 in gross revenue in the twelve months prior to January 31, 2020.

All in violation of Title 18 United States Code, Sections 1014 and 2.

<u>**COUNT THREE**</u>
*False Statement on Loan Application*
18 U.S.C. § 1014 and 2

23.     The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

24.     On or about July 14, 2020, in the Southern District of Georgia, and elsewhere, the Defendants

**SHAQUANDRA WOODS**
and
**COURTNEY GILCHRIST**

aided and abetted by each other and others, did knowingly make a false statement for the purpose of influencing the action of the SBA, in connection with an EIDL application and loan in that **WOODS** and **GILCHRIST** applied to the SBA for an EIDL on behalf of Company 2 in which **WOODS** and **GILCHRIST** falsely stated that Company 2 had $330,000 in gross revenue in the twelve months prior to January 31, 2020, when in fact, as **WOODS** and **GILCHRIST** then and there well knew, Company 2 did not have $330,000 in gross revenue in the twelve months prior to January 31, 2020.

All in violation of Title 18 United States Code, Sections 1014 and 2.

## COUNT FOUR
*False Statement on Loan Application*
18 U.S.C. § 1014 and 2

25.    The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

26.    On or about August 27, 2020, in the Southern District of Georgia, and elsewhere, the Defendant

### COURTNEY GILCHRIST

aided and abetted by others, did knowingly make a false statement for the purpose of influencing the action of the SBA, in connection with an EIDL application and loan in that **GILCHRIST** entered into a loan agreement with the SBA on behalf of Company 2 in which **GILCHRIST** certified that Company 2's EIDL application and supplementary submissions were true, correct, and complete, when in fact, as **GILCHRIST** then and there well knew, Company 2's EIDL application reported a false gross revenue figure and that the conspirators had submitted a falsified tax document as a supplementary submission to the SBA.

All in violation of Title 18 United States Code, Sections 1014 and 2.

## COUNT FIVE
*False Document*
18 U.S.C. §§ 1001(a)(3) and 2

27.     The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

28.     On or about July 30, 2020, in the Southern District of Georgia, and elsewhere, the Defendant

## SHAQUANDRA WOODS

aided and abetted by others, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by transmitting to the SBA a tax document that falsely stated that **KENNETH JACKSON** had 2019 nonemployee compensation of $220,000, when in fact, as **WOODS** then and there well knew, the transmitted tax document contained false data.

All in violation of Title 18, United States Code, Section 1001(a)(3) and 2.

## COUNT SIX
*False Document*
18 U.S.C. §§ 1001(a)(3) and 2

29.     The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

30.     On or about August 18, 2020, in the Southern District of Georgia, and elsewhere, the Defendants

### SHAQUANDRA WOODS
and
### COURTNEY GILCHRIST

aided and abetted by each other and others, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by transmitting to the SBA a tax document that falsely stated that **GILCHRIST** had 2019 gross receipts of $330,000, when in fact, as **WOODS** and **GILCHRIST** then and there well knew, the transmitted tax document contained false data.

All in violation of Title 18, United States Code, Section 1001(a)(3) and 2.

## COUNT SEVEN
*False Statement*
18 U.S.C. §§ 1001(a)(2)

31.    The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

32.    On or about August 13, 2021, in the Southern District of Georgia, and elsewhere, the Defendant

### COURTNEY GILCHRIST

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, during an interview in Savannah, Georgia with federal agents about GILCHRIST's purported business with $330,000 in gross revenue, GILCHRIST falsely stated that she operated a business independent of her employment with a law firm that involved GILCHRIST speaking at seminars, workshops, an continuing legal education events; that her business hired an employee who acted as the business's secretary; and that she only knew of SHAQUANDRA WOODS in passing, when in truth and fact as GILCHRIST then and there knew, GILCHRIST did not operate such a business, did not employ a secretary, and knew WOODS personally and communicated with WOODS regularly.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT EIGHT
### *False Statement*
### 18 U.S.C. §§ 1001(a)(2)

33.     The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 of this Indictment.

34.     On or about October 4, 2021, in the Southern District of Georgia, and elsewhere, the Defendant

### KENNETH JACKSON

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, during an interview with a Special Agent from the Savannah Office of the Federal Bureau of Investigation, **JACKSON** stated that he operated a business that generated $220,000 in gross revenue prior to the COVID-19 pandemic and that **SHAQUANDRA WOODS** had no involvement with his EIDL Application, when in truth and fact as **JACKSON** then and there knew, **JACKSON** did not operate such a business that generated $220,000 in gross revenue and that **WOODS** had been involved in **JACKSON**'s EIDL Application.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Eight of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(3), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense set forth in Count One of the defendant, **SHAQUANDRA WOODS, COURTNEY GILCHRIST, and KENNETH JACKSON,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation.

Additionally, upon conviction of the offenses set forth in Counts Two through Eight defendants, **SHAQUANDRA WOODS, COURTNEY GILCHRIST, and KENNETH JACKSON,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(3), any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of the violation.

If any of the property described above, as a result of any act or commission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

e.      has been commingled with other property which cannot be
divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c).

A True Bill.

David H. Estes
United States Attorney

Jonathan A. Porter
Assistant United States Attorney
*Lead Counsel

E. Greg Gilluly, Jr.
Assistant United States Attorney
Deputy Chief, Criminal Division

Patrick J. Schwedler
Assistant United States Attorney
*Co-lead Counsel

19